The **SENDAR COMPANY, INC., Plaintiff,**

v.

**MEGAWARE INCORPORATED, Megaware, Inc. of California, and Issa Batarse, Defendants.**

No. 87 Civ. 8027 (PKL).

United States District Court, S.D. New York.

Jan. 30, 1989.

160

Scheffler Karlinsky & Stein, New York City (Martin E. Karlinsky, of counsel), for plaintiff.

Klayman & Gurley, P.C., Washington, D.C. (Larry Klayman, John Gurley, Michael C. Diedring, of counsel), LeBoeuf, Lamb, Lieby & Macrae, New York City (Richard M. Berman, of counsel), for defendants.

## OPINION & ORDER

LEISURE, District Judge:

Plaintiff filed a complaint (the "initial complaint" or "complaint") in this diversity action on November 10, 1987, seeking damages for breach of a product distribution contract, for fraud, and for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. §§ 1961–1964. Defendants moved to dismiss the complaint pursuant to Fed.R. Civ.P. 9(b) and 12(b)(6). In an opinion dated March 11, 1988, this Court denied defendants motion to dismiss as to plaintiff's first cause of action for breach of contract. The Court granted defendants motion to dismiss as to both the second cause of action for fraud and the third cause of action alleging a RICO violation. Plaintiff was granted leave to amend the complaint within 60 days and the parties were directed to conduct any discovery relating to the causes of actions stated in the original complaint. On May 10, 1988, plaintiff served

its first amended complaint ("amended complaint").

The action is currently before the Court on defendants motion to dismiss Counts II (fraud) and III (RICO) of the first amended complaint, pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6). For the factual background in this action, *see* Opinion & Order dated March 11, 1988.

## DISCUSSION

Plaintiff has alleged that defendants, through oral statements and written documents, fraudulently misrepresented that Megaware, Inc. ("Megaware") would pay to The Sendar Company, Inc. ("Sendar") a sum equal to fifty percent of any commissions Megaware received from Magefesa, S.A. ("Magefesa").

### A. *Fraud (Count II)*

■ As the Court instructed plaintiff in its earlier opinion, a fraud claim must be dismissed if the complaint does not describe the alleged fraud with sufficient particularity. Fed.R.Civ.P. 9(b), an exception to the generally liberal pleadings allowed by Fed.R.Civ.P. 8, requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Pleadings of fraud must thus specify the time, place, speaker, and sometimes even the content of the alleged misrepresentation. *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir.1986). The complaint's fraud allegations must be specific enough to allow the defendant "a reasonable opportunity to answer the complaint" and must give "adequate information" to allow the defendant "to frame a response." *Ross v. A.H. Robins Co.*, 607 F.2d 545, 557–58 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). In addition Rule 9(b) requires that the complaint allege specific facts which support any conclusory allegations that the misstatements complained of were intentionally fraudulent. As Judge Newman has explained:

Although Rule 9(b) provides that intent and "other condition of mind" may be averred generally, plaintiffs must nonetheless provide some factual basis for conclusory allegations of intent. These allegations must give rise to a "strong inference" that the defendants possessed the requisite fraudulent intent.

A common method for establishing a strong inference of scienter is to allege facts showing a motive for committing fraud and a clear opportunity for doing so. Where motive is not apparent, it is still possible to plead scienter by identifying circumstances indicating conscious behavior by the defendant, though the strength of the circumstantial allegations must be correspondingly greater.

*Beck v. Manufacturers Hanover Trust Co.*, 820 F.2d 46, 50 (2d Cir.1987) (citations omitted), *cert. denied*, —— U.S. ——, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988).

■ The allegations contained in the amended complaint fail to correct the deficiencies the Court found in the initial complaint. The amended complaint fails to address, with reasonable particularity, the time of the alleged fraudulent statements. The allegations fail to specify the date on which fraudulent statements were made, merely alleging that statements were made some time during a two month period. The amended complaint first alleges:

In connection with their negotiation of the agreement, which was conducted principally at Sendar's place of business located at 230 Fifth Avenue, New York, New York, during the period August 1, 1984 through October 2, 1984, defendant Batarse advised Sendar's principal, Neil Sendar, that Magefesa had advised Batarse that Megaware would receive, and that it expected to receive, as its sales commissions a sum equal to Fifteen (15%) Percent of the goods imported into the United States.

Amended Complaint ¶ 12. Apart from the allegation that Batarse made certain statements, *inter alia*, at Sendar's place of business sometime within a two month period, the amended complaint fails to allege with reasonable particularity the specific time of any of Batarse's statement. What plaintiff basically asserts is that sometime during the negotiations for this agreement Ba-

tarse made fraudulent statements. Apparently, plaintiff assumes these statements were made at Sendar's place of business since most of the negotiations for the agreement occurred there. Plaintiff also alleges:

> During the course of a visit to Magefesa, S.A.'s factory in Bilbao, Spain by Neil Sendar and Batarse which took place during September 14–18, 1984, Batarse further advised Sendar that Harry G. Koetsenruyter, an employee or agent of Magefesa, S.A., had informed Batarse that Magefesa, S.A. would require Megaware to reduce its commissions to a sum equal to Seven and One–Half (7½%) Percent of sales.

> Batarse made the representations described [above] to Neil Sendar while touring the Magefesa, S.A. factory in Bilbao, Spain. There were also present on the occasion of this tour of the Magefesa, S.A. factory, Harry G. Koetsenruyter and Luis Prieto Garay, also an employee or agent of Magefesa, S.A., and other individuals. Batarse made such representations secretly to Neil Sendar and out of earshot of the others present.

Amended Complaint ¶¶ 14, 15. Apart from the allegation that Batarse made a fraudulent statement during a five day visit to Spain in September 1984, the amended complaint here again fails to allege the specific time and place of any of Batarse's statements. It is unclear from the amended complaint whether there was only one or many visits to the Magefesa, S.A. factory during the September visit. Plaintiff further alleges:

> Batarse further advised Neil Sendar during the course of the tour of the Magefesa, S.A. factory that, as a result of Koetsenruyter's advice concerning reductions in commissions to be paid by Magefesa, S.A., Sendar's compensation would be a sum equal to Two and One–Half (2½%) Percent of sales. Batarse thereafter repeated the representations set forth in paragraphs 13 and 14 above concerning payments to the individuals associated with Magefesa, S.A., and Koetsenruyter's advice concerning reductions of the commissions payable by Magefesa, S.A.,

to Neil Sendar on several other occasions, both in person at Magefesa, S.A.'s factory located in Bilboa, Spain, at Sendar's business premises in New York City located at 230 Fifth Avenue, New York, New York and on the telephone.

Amended Complaint ¶ 16. Once again, apart from the allegations that Batarse made a fraudulent statement during a five day visit to Spain in September of 1984, the amended complaint here again fails to allege the specific time and place of any of Batarse's statements. As the amended complaint fails to plead fraud with the particularity required by Rule 9(b), Count II of the amended complaint must be dismissed.

### B. *RICO (Count III)*

Plaintiff's third claim for relief seeks treble damages pursuant to the civil provision of the RICO statute, 18 U.S.C. § 1964(c), which provides a civil remedy to "any person injured in his business or property by reason of" a substantive violation of the statute. Plaintiff's amended complaint alleges that defendant Batarse's fraudulent misrepresentations constituted a substantive violation of 18 U.S.C. § 1962(c). Amended Complaint ¶ 38.

■ To establish a violation of § 1962(c), a plaintiff must show 1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). To allege properly the existence of a pattern of racketeering activity, a complaint must, at the very least, include allegations that the defendant has committed two or more "predicate" acts; 18 U.S.C. § 1961(1) defines "predicate acts" to include a variety of federal crimes such as mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C. § 1343.

Here, plaintiff alleges that defendant Batarse's fraudulent misrepresentation included at least two acts of mail and/or wire fraud. As discussed above, the amended complaint alleges that "Batarse ... repeated the representations concerning payments to the individuals associated with Magefesa, S.A., and Koetsenruyter's advice

concerning reductions of the commissions payable by Magefesa, S.A., ... on several other occasions ... on the telephone." Amended Complaint ¶ 16. Plaintiff claims that these predicate acts constituted a pattern of racketeering activity, and that defendant Batarse thus violated 18 U.S.C. § 1962(c) by conducting the affairs of an enterprise—namely, Megaware—through that pattern of racketeering activity.

██ As the Court instructed plaintiff in its earlier opinion, where mail and wire fraud violations are treated by a plaintiff as "predicate acts," the mail and wire fraud violations must be pleaded with the specificity and particularity required for all fraud claims by Fed.R.Civ.P. 9(b). *See Beck v. Manufacturers Hanover Trust Co.,* 820 F.2d at 49–51; *see also Equitable Life Assurance Society v. Alexander Grant & Co.,* 627 F.Supp. 1023, 1028 (S.D. N.Y.1985). Allegations of mail and wire fraud, like allegations of fraud generally, require a showing that any misstatements were made with present fraudulent intent. *Beck,* 820 F.2d at 49.

██ Here, Sendar's RICO count in the amended complaint is identical to its RICO count in the initial complaint. However, unlike the initial complaint, there is not even the slightest attempt to allege the essential predicate acts that are required to show a RICO violation. The amended complaint alleges that "Batarse ... repeated the representations concerning payments to the individuals associated with Magefesa, S.A., and Koetsenruyter's advice concerning reductions of the commissions payable by Magefesa, S.A., ... on several other occasions ... on the telephone." Amended Complaint ¶ 16. Plaintiffs only other allegation in this regard is that "[d]efendant Batarse used the United States mails and telephones in interstate commerce." Amended Complaint ¶ 35. These allegations clearly fail to meet the particularity required by Fed.R.Civ.P. 9(b). The amended complaint contains not a single allegation concerning a particular time or place where the telephone or mails were used.

The initial complaint included allegations regarding mail and wire fraud in even greater detail than in the amended complaint. In the initial complaint, plaintiff alleged that "Batarse and Megaware delivered to Sendar, using the United States mails and other means and instrumentalities of interstate commerce, invoices reflecting the purportedly reduced commissions ... as well as checks." Complaint ¶ 18. Since plaintiff's allegations as to the predicate acts of the RICO count are even less detailed in the amended complaint than in the original complaint, the RICO count in the amended complaint must be dismissed.

### C. Leave to Replead

██ In the present case, plaintiff was given a liberal time period of sixty days to correct the pleading, and was also given the opportunity to take additional discovery during this period, if needed in order to properly amend the complaint. Unlike the case in which a plaintiff is unaware of the deficiencies of his first complaint, in this case the Court's Order of March 11, 1988 specified the defects to be cured. *Cf. Goldberg v. Meridor,* 567 F.2d 209 (2d Cir. 1977), *cert. denied,* 434 U.S. 1069, 98 S.Ct. 1249, 55 L.Ed.2d 771 (1978).

Plaintiff's amended complaint is defective for, *inter alia,* the same reasons as the initial complaint. As plaintiff has been given the opportunity to amend and plead properly its fraud and RICO counts, and has failed to do so in the amended pleading, dismissal with prejudice is justified. *See Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 114–15 (2d Cir.1982); *Avnet, Inc. v. American Motorists Ins. Co.,* 684 F.Supp. 814 (S.D.N.Y.1988). Here, in dismissing the initial complaint this Court put plaintiff on notice in unequivocal language concerning what was required. Leave to replead Counts II and III is denied.

### Conclusion

For the reasons stated above, defendants' motion to dismiss is granted. Counts

II and III of the amended complaint are dismissed. Leave to replead is denied.

SO ORDERED.