## (April 27, 1989)

■ BRAMEX ASSOCIATES, INC., et al., Appellants, v CBI AGENCIES, LTD., et al., Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 14, 1987, which denied the plaintiffs' motion for a protective order, unanimously affirmed, without costs.

Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 18, 1988, which denied the plaintiffs' motion to dismiss the defendants' counterclaims, unanimously reversed, on the law, and the motion granted with leave to the defendants to replead, without costs.

In this commercial dispute between insurance brokers, the plaintiffs allege that defendants contracted with plaintiffs to obtain insurance for certain of plaintiffs' clients but instead converted funds of the plaintiffs and plaintiffs' clients, did not obtain the promised insurance, and otherwise committed fraud and misrepresentation. The defendants denied the material allegations of the complaint and asserted various affirmative defenses, including an allegation that plaintiffs' claims are barred by the fraudulent and illegal acts of its own

employees, George Zerlanko and Constance Alchase. The defendants later interposed three counterclaims seeking damages from the plaintiffs because of this alleged fraud.

Defendants' first counterclaim alleges in general terms intentional fraudulent and deceitful conduct by plaintiffs in falsely representing that certain unnamed and unspecified policies were bound and placed with a recognized insurance carrier. It is further alleged that plaintiffs changed certain portions of unnamed and unidentified policies and collected premiums therefor. Also, CBI and a nonparty, International Agencies, Inc., claim to have been damaged when an insurance company gave notice that it would not book any further business from them because of their association with the plaintiffs.

The defendants' second counterclaim repeats and reiterates the allegations in the first counterclaim, and adds two more insurance companies who allegedly gave notice that they would not accept any further business from CBI and International Agencies, Inc.

Defendants' third counterclaim repeats and reiterates the allegations in the first and second counterclaims except it omits the damage demand paragraph of the second counterclaim. The third counterclaim purports to allege the negligent hiring, training and supervision of George Zerlanko and Constance Alchase, who along with unnamed and unidentified others entered into a course of conduct which was allegedly fraudulent, dishonest, deceitful and illegal.

To plead a cause of action for fraud, a party must allege the elements of representation of a material existing fact, falsity, scienter, justifiable reliance and damages. In addition, each of these essential elements must be supported by factual allegations sufficient to satisfy the requirement of CPLR 3016 (b) that the circumstances surrounding the fraud be pleaded in detail. (*E.g., Lanzi v Brooks,* 54 AD2d 1057, *affd* 43 NY2d 778.)

These counterclaims fail to meet this standard. As presently constructed, they do not set forth with particularity the elements of a fraud claim, and they are not pleaded with sufficient factual detail. There is no mention of the particular policies, insureds, or transactions that are involved in the alleged fraud. The counterclaims are bereft of factual allegations which would give plaintiffs a fair opportunity to defend the claims. Defendants' mere conclusory allegations of fraud are insufficient under CPLR 3016 (b). Accordingly, the counterclaims are dismissed with leave to replead.

We also note that the counterclaims purport to seek damages on behalf of an entity named International Agencies, Inc., a nonparty, as well as the defendants. A counterclaim may only be asserted on behalf of a defendant already a party to the action. (CPLR 3019 [a].) Therefore, insofar as the counterclaims allege a cause of action on behalf of International Agencies, Inc., they are improper. Of course, International Agencies is free to assert whatever claims it may have against plaintiffs in any independent action it may commence, if so advised.

We have examined the points raised on the appeal from the order denying plaintiffs' motion for a protective order regarding certain discovery demands made by the defendants and find them to be without merit. Accordingly, we affirm that order. Concur—Murphy, P. J., Ross, Kassal, Ellerin and Rubin, JJ.