■ LLOYD I. ISLER, P. C., Appellant, v MADGE B. SUTTER et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County (Leonard N. Cohen, J.), entered February 23, 1989, which, *inter alia,* dismissed the first three causes of action in the plaintiff's complaint on a motion by defendants Madge Barton Sutter and Anne F. Keating for partial summary judgment, unanimously modified, on the law, to reinstate the second cause of action, and otherwise affirmed, without costs.

Order of the same court entered on or about October 3, 1989, which, *inter alia,* granted a motion by defendants Madge Barton Sutter, Anne F. Keating and Mary Keating for summary judgment dismissing the fourth cause of action, granted a motion by defendant Walsh Maroney & Ponzini for leave to reargue a prior motion to dismiss the fifth and sixth causes of action, and, on reargument, dismissed the fifth cause of action, unanimously affirmed, without costs.

Defendants Madge Barton Sutter and Anne F. Keating are coexecutrices of the estate of Elizabeth Anne Nelson, formerly Elizabeth Nelson Keating. The decedent retained the plaintiff to represent her in a divorce action, which was settled shortly before her death. The plaintiff claims that he is owed a net fee (including disbursements) of $24,241.93, plus a bonus of $35,000.

The plaintiff claims that the individual defendants, acting on the advice of the defendant law firm, persuaded him to forego claiming his attorney's fees in the decedent's Florida probate proceeding by promising to pay his fees out of proceeds from the sale of the decedent's share of the marital home, that they never intended to fulfill that promise, and that they conspired to sell the decedent's interest in the property without the plaintiff's involvement for the purpose of

denying the fees owed to him. In the verified complaint, the plaintiff pleaded seven causes of action, the first five of which have been dismissed by the IAS court.

The IAS court erred in dismissing the second cause of action. The court failed to recognize that this is a cause of action for fraud. It properly sets forth the elements of material existing fact, falsity, scienter, justifiable reliance, and damages *(Bramex Assocs. v CBI Agencies,* 149 AD2d 383, 384). Since plaintiff has alleged a fraudulent misrepresentation, it is "no excuse for a culpable misrepresentation that means of probing it were at hand" *(Albert v Title Guar. & Trust Co.,* 277 NY 421, 423). Plaintiff has not alleged misrepresentation of mere prediction as to some future event, but has alleged that a statement of future intention was "known by the author to be false or made despite the anticipation that the event [would] not occur" *(Cristallina S.A. v Cristie, Mason & Woods Intl.,* 117 AD2d 284, 294). Questions of fact as to whether or not the defendants fraudulently misrepresented their intent to pay the plaintiff out of the proceeds of the sale, whether or not the $35,000 bonus was part of the plaintiff's agreement with the decedent, and whether or not the total amount owed the plaintiff should be reduced by an acknowledged $10,000 retainer payment, all preclude summary judgment.

The first, third, fourth, and fifth causes of action were properly dismissed. There is no merit to the plaintiff's argument that these are causes of action for fraud. No matter how broadly read, they do not allege the necessary elements of that cause of action *(Bramex Assocs. v CBI Agencies, supra).* To the extent that the first and third causes of action allege tortious interference with contract by the individual defendants, those causes of action must fail because the plaintiff has failed to raise a triable issue of fact as to whether or not the individual defendants were motivated primarily by malice rather than by the economic interests of the decedent's estate *(Felsen v Sol Cafe Mfg. Corp.,* 24 NY2d 682, 686-687). Plaintiff does not have a cause of action for tortious interference with contract by the defendant law firm, having failed to submit evidence in evidentiary form that the law firm acted other than in its capacity as the individual defendants' counsel or that its acts were motivated by self-interest *(Pancake v Franzoni,* 149 AD2d 575, 576).

The individual defendants' second motion for summary judgment as to the fourth cause of action was properly considered, since it was based on facts not made clear by the

plaintiff until after the first motion was considered *(see, Freeze Right Refrig. & Air Conditioning Servs. v City of New York,* 101 AD2d 175, 180-181). Dismissal of the fourth cause of action on the merits was proper, since the plaintiff rendered his services to a client other than the individual defendants *(Builders Affiliates v North Riv. Ins. Co.,* 91 AD2d 360). The "common fund" exception is not applicable herein, since the funds collected allegedly through the plaintiff's efforts were fully received by the decedent prior to her death, and the plaintiff's efforts had nothing to do with the drafting of the decedent's will or with the establishing of the individual defendants' status as legatees *(see, Gibson & Cushman Dredging Corp. v Halliburton Co.,* 111 AD2d 741, 744). Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Wallach, JJ.