■ BARBARA CALLAS, Respondent, v WILLIAM EISENBERG, Appellant, et al., Defendant. [595 NYS2d 775] —Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about September 24, 1991, which, *inter alia,* denied that portion of the defendant Eisenberg's motion for partial summary judgment dismissing the third cause of action for fraud and the claim in the fourth cause of action for negligent infliction of emotional distress, unanimously reversed, insofar as appealed, on the law, the defendant Eisenberg's motion for partial summary judgment dismissing the third cause of action and the claim in the fourth cause of action for negligent infliction of emotional distress is granted and the third cause of action and the claim in the fourth cause of action for negligent infliction of emotional distress are dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant accordingly.

After the defendant Eisenberg performed podiatric surgery on the plaintiff with the assistance of the defendant Antman, the plaintiff instituted this action for podiatric malpractice, lack of informed consent, fraud and infliction of severe emotional distress. Eisenberg's motion for partial summary judgment dismissing the cause of action for fraud and that portion of the cause of action alleging infliction of emotional distress was denied by the Supreme Court. We reverse.

In support of her cause of action for fraud, the plaintiff alleged that the defendants made misrepresentations of material fact including statements indicating that surgery was necessary, fraudulent billing, billing for services not performed and misstatements concerning the plaintiff's condition post surgery. After the surgery, the plaintiff's insurance company reviewed Eisenberg's bill and paid him the amount requested for services rendered.

In order to maintain a cause of action for fraud, a plaintiff must allege a representation of a material existing fact, falsity, scienter, justifiable reliance and damages *(Bramex Assocs. v CBI Agencies,* 149 AD2d 383). Allegations of fraud should be dismissed as insufficient where the claim is unsupported by specific and detailed allegations of fact in the pleadings *(see, Anos Diner v Pitios Gourmet,* 100 AD2d 948). The plaintiff's conclusory allegations of "fraudulent billing", "misstatements concerning patient's condition post surgery" and "indicating that surgery was necessary" do not satisfy the statutory pleading requirement *(see,* CPLR 3016 [b]). Nor do the plaintiff's submissions warrant a trial on the issue of fraud. In addition, to the extent the plaintiff was injured as a result of the purported needless surgery, this damage is recoverable under the other causes of action alleged, as it is not separate and distinct from the damages complained of therein *(see, Spinosa v Weinstein,* 168 AD2d 32). Accordingly, it was error to deny Eisenberg's motion for partial summary judgment dismissing the cause of action for fraud.

The Supreme Court also erred in denying the motion to dismiss the claim for negligent infliction of emotional distress. Liability for recklessly causing severe emotional distress attaches only when a person engages in extreme or outrageous conduct *(Freihofer v Hearst Corp.,* 65 NY2d 135; *Fischer v Maloney,* 43 NY2d 553). The plaintiff's contention that Eisenberg's conduct was so outrageous as to be intolerable to civilized society, which was not substantiated by a medical expert, was conclusory and speculative. Summary judgment dismissing this portion of the cause of action was, therefore, warranted. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Rubin, JJ.