**PI, INC., Plaintiff,**

v.

**Floyd Leland OGLE, Defendant.**

**No. 95 Civ. 1723 (JGK).**

United States District Court, S.D. New York.

July 10, 1996.

Elliot Miller, Kleban & Samor, P.C., Southport, CT, for Plaintiff.

Sam Sexton, Sexton Law Firm, P.A., Fort Smith, AR, Lawrence Newman, Baker & McKenzie, New York City, for Defendant.

## OPINION AND ORDER

KOELTL, District Judge:

The defendant Floyd Leland Ogle moves to dismiss this action pursuant to Fed. R.Civ.P. 12(b)(2) for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue, and pursuant to Fed. R.Civ.P. 12(b)(6) and 9(b) for failure to state a claim for fraud with sufficient particularity. In the alternative, Ogle argues that the Court should transfer the case to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the defendant's motions are denied.

### I.

This action was originally brought against Quality Products, Inc. ("Quality"), James S. Renaldo ("Renaldo"), and Floyd Leland Ogle ("Ogle") for breach of contract, tortious interference with contract, and fraud. In a prior opinion, *PI, Inc. v. Quality Products, Inc.*, 907 F.Supp. 752 (S.D.N.Y.1995), the Court dismissed without prejudice the claims for breach of contract against Quality and for tortious interference with contract against Ogle and Renaldo, and dismissed with prejudice the fraud claim against Renaldo. In addition, the Court denied Ogle's motions to dismiss the fraud claim against him for lack of personal jurisdiction, improper venue, and failure to state a claim, but granted his motion to dismiss the fraud claim without prejudice for failure to plead fraud with particularity. The defendants' motion to transfer this case to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) was denied without prejudice as moot.

The plaintiff subsequently sued Quality in the Middle District of Florida. In addition, on January 12, 1996 the plaintiff filed an amended complaint alleging only a fraud claim against Ogle. Although Ogle objected to the filing of this amended complaint on the grounds that the plaintiff should have commenced a new action, in a memorandum opinion dated February 26, 1996 the Court accepted the filing of the amended complaint. It is this amended complaint that is the subject of the motions currently before the Court. Subject matter jurisdiction over this action is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1).

### II.

The defendant's motions to dismiss the fraud claim against him for lack of personal jurisdiction, for improper venue, and for failure to state a claim have already been decided against him in the prior opinion issued in this case, *PI, Inc. v. Quality Products, Inc.*, 907 F.Supp. 752 (S.D.N.Y.1995). The defendant seeks to revisit these issues on the grounds that the law of Massachusetts actually governs this action, not the law of New York, and that the application of Massachusetts law would result in different outcomes on these motions. However, in this Court's prior opinion, the Court noted that because neither the defendant nor the plaintiff raised a conflicts of law issue on the prior motions, the law of the forum (here, New York) was deemed to apply, and any conflicts of law issue was deemed waived. *See PI*, 907 F.Supp. at 760 n. 3. The previous decision in this case denying these motions therefore remains the law of the case. The defendant, having fully litigated these issues once under New York law, should not be permitted to relitigate the same issues.

In any event, the defendant has failed to demonstrate that there is a conflict between New York and Massachusetts law governing the fraud claim that is the subject of this action or that this action should be dismissed under Massachusetts law. Under Massachusetts law, "a promissory statement cannot be the basis for a claim of misrepresentation unless at the time the promise was made the promissor had no intention of carrying it out." *Gerli v. G.K. Hall & Co.*, 851 F.2d 452, 456 (1st Cir.1988) (citing *Barrett Assocs., Inc. v. Aronson*, 346 Mass. 150, 190 N.E.2d 867 (1963)). This is identical to the New York law governing fraud claims. *See PI*, 907 F.Supp. at 760 (discussing New York law). Despite the defendant's arguments to the contrary, Massachusetts law and New York law both require justifiable reliance on the alleged misrepresentations. *See Kennedy v. Josephthal & Co., Inc.*, 814 F.2d 798, 805 (1st Cir.1987) (applying Massachusetts law); *Keywell Corp. v. Weinstein*, 33 F.3d 159, 163 (2d Cir.1994) (setting forth elements of fraud under New York law); *Albert Apartment Corp. v. Corbo Co.*, 182 A.D.2d 500, 500, 582 N.Y.S.2d 409, 410 (1st Dep't) (same), *lv. to appeal dismissed*, 80 N.Y.2d 924, 589 N.Y.S.2d 311, 602 N.E.2d 1127 (1992) (table). The current complaint sufficiently alleges justifiable reliance. The thrust of the allegations is that the plaintiff justifiably relied on Ogle's representations in New York that he dominated and controlled Quality and that he would cause Quality to register the 800,000 shares of restricted common stock that the plaintiff was to receive. Whether the plaintiff will be able to sustain its detailed allegations of justifiable reliance cannot be resolved on a motion to dismiss. Hence, under either New York or Massachusetts law, enough has been pleaded at this point to survive a motion to dismiss.

The defendant contends that this particular fraud action would be barred by the Massachusetts statute of frauds because of the nature of the alleged misrepresentations. The defendant relies on Mass.Gen.L. ch. 259, § 4 (1992), which provides as follows:

No action shall be brought to charge a person upon or by reason of representation or assurance made concerning the character, conduct, credit, ability, trade or dealings of any other person, unless such representation or assurance is made in writing and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized.

This statute " 'must be limited to representations made to induce the plaintiff to enter into a transaction which will result in a debt due to the plaintiff from a third person.' " *See Laker v. Freid*, 854 F.Supp. 923 (D.Mass. 1994) (quoting *Walker v. Russell*, 186 Mass. 69, 73, 71 N.E. 86 (1904)). This statute does not apply to the facts of this case, however, because the plaintiff has not alleged that the defendant made misrepresentations concerning the "character, conduct, credit, ability, trade or dealings" of a third party to induce the plaintiff to extend credit to that third party. The amended complaint alleges that the plaintiff was induced to enter into a merger agreement with Quality because Ogle made representations that as an alleged control person of Quality he would cause Quality to register the plaintiff's shares. The statements Ogle allegedly made did not concern the character, credit, or conduct of Quality but rather concerned what Ogle himself would do. Accordingly, the Massachusetts statute of frauds would not bar this action.

## III.

The defendant moves to dismiss the amended complaint for failure to plead fraud with the particularity Fed.R.Civ.P. 9(b) requires. Rule 9(b) "requires that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity,' an exception to the generally liberal scope of pleadings allowed by Rule 8." *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir.1986). Rule 9(b) "is intended to 'provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against a strike suit.' " *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1127 (2d Cir. 1994) (quoting *O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 676 (2d Cir.1991)). Ordinarily, allegations of fraud cannot be founded solely "upon information and belief," except to those matters particu-

larly within the opposing party's knowledge; in the latter instance, allegations must be accompanied by statements of facts upon which the belief is founded. *Luce*, 802 F.2d at 54 n. 1. In order to satisfy Rule 9(b), the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993). Although Rule 9(b) allows a plaintiff to allege fraudulent intent generally, a plaintiff must allege facts that give rise to a strong inference of fraudulent intent. *Shields*, 25 F.3d at 1128. This strong inference can be established either "(a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* The defendant claims that the amended complaint fails to contain any facts that would support an inference that at the time Ogle allegedly stated that he would cause Quality to register the plaintiff's stock, he had no intention of actually doing so.

■■■ The plaintiff has satisfied the pleading requirements of Rule 9(b). The plaintiff clearly has set out with sufficient specificity the identity of the speaker, the statements allegedly made, and where and when these statements were made. The amended complaint alleges that at the New York Toy Fair Ogle made representations that he would cause Quality to register the plaintiff's shares. (Amd.Compl. ¶¶ 13, 14.)[1] The plaintiff also has alleged sufficient facts that would support an inference that at the time that Ogle made these representations he did not intend to carry them out. The amended complaint alleges that shortly after he returned to Arkansas after the Toy Fair, he told his stockbroker Kyle Kennedy and Renaldo that (1) the stock given to the plaintiff in connection of the sale of a subsidiary of PI to Quality would not be registered for two years; (2) it was his goal and intention to acquire Sentinel Products Corp, another subsidiary of PI, by restricting the plaintiff's

income, thereby impairing its ability to pay its debt obligations; and (3) he intended to purchase the plaintiff's debt, foreclose upon the plaintiff, and thereby gain control of the plaintiff's assets, which included Sentinel. (Amd.Compl. ¶ 20.) These allegations adequately support an inference that Ogle made the alleged misrepresentations with fraudulent intent. These allegations indicate that Ogle acted with conscious knowledge of the falsity of his statements and that he had a motive and opportunity to act fraudulently.

Because the plaintiff has alleged fraud with the requisite particularity, the defendant's motion to dismiss the amended complaint pursuant to Fed.R.Civ.P. 9(b) must be denied.

## V.

■■■ The defendant also moves in the alternative to transfer this action to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought.

28 U.S.C. § 1404(a). The threshold question in a motion to transfer pursuant to section 1404(a) is whether the case "might have been brought" in the proposed transferee district. *See Dwyer v. General Motors Corp.*, 853 F.Supp. 690, 692 (S.D.N.Y.1994) (Motley, J.); *Arrow Electronics, Inc. v. Ducommun, Inc.*, 724 F.Supp. 264, 265 (S.D.N.Y.1989). In *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), the Supreme Court held that section 1404(a) authorizes a court to transfer an action only to an alternative forum where at the time the suit was brought the defendant was amenable to jurisdiction and venue was proper, regardless of the defendant's consent to suit in that forum. *Id.* at 342–43, 80 S.Ct. at 1088–89; *Schertenleib v. Traum*, 589 F.2d 1156, 1161 (2d Cir. 1978); *Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.*, 774 F.Supp. 858, 868 (S.D.N.Y. 1991) (Sweet, J.). The parties dispute

---

**1.** All references are to the amended complaint dated January 11, 1996.

whether this case could have originally been brought in the Middle District of Florida.

The defendant has failed to demonstrate that the plaintiff could have initially brought this action in the Middle District of Florida. First, Ogle has failed to demonstrate that Florida had personal jurisdiction over him at the time this action was commenced. The only claim contained in the amended complaint against Ogle is a claim for fraud, which is based on misrepresentations Ogle allegedly made at the Toy Fair that he, by virtue of his control over Quality, would cause Quality to register the plaintiff's shares within 180 days. There are no allegations that Ogle made any misrepresentations in Florida. Although the breach of contract claim that the plaintiff is pursuing against Quality may have significant contacts with Florida, the tort claim against Ogle does not. Ogle is and was at all times relevant to this action a resident of Arkansas, and he has no significant contacts with Florida. Although Ogle states in his affidavit that he "recognize[s] that by moving to transfer the case to the Middle District of Florida that [he is] submitting to the jurisdiction of the Florida Court," (5/10/96 Ogle Aff. ¶ 24), this waiver is insufficient to overcome the statutory barrier of § 1404(a). As the Supreme Court stated in *Hoffman*, "the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." 363 U.S. at 343–44, 80 S.Ct. at 1089–90.

In addition, the defendant has failed to demonstrate that venue was proper in the Middle District of Florida when the plaintiff first filed this action. The defendant claims that venue was proper in the Middle District of Florida under 28 U.S.C. § 1391(a)(2), which provides that venue lies where "a substantial part of the events or omissions giving rise to the claim occurred," 28 U.S.C. § 1391(a)(2). In determining venue under this section, a court must apply a substantial contacts test. *Zitman v. Tucker*, No. 94 Civ. 6658, 1994 WL 713693, at * 1 (S.D.N.Y. Dec. 21, 1994); *Jordache Enterprises, Inc. v. Bro-*

*beck, Phleger & Harrison*, No. 92 Civ. 9002, 1994 WL 74860, at * 3 (S.D.N.Y.. Mar. 7, 1994). Venue is proper in each district that is the situs of a substantial part of the events or omissions giving rise to the claim, and may lie in more than one district. *See Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir.1992). As explained above, the defendant has failed to demonstrate that a substantial part of the acts or omissions alleged in the amended complaint occurred in Florida. The fraud claim against Ogle concerns statements he allegedly made at the Toy Fair in New York. None of Ogle's allegedly fraudulent conduct occurred in Florida.

Because the defendant has failed to demonstrate that this action "might have been brought" in the Middle District of Florida, the defendant's motion to transfer this action to that district pursuant to 28 U.S.C. § 1404(a) is denied.

### CONCLUSION

For all of the foregoing reasons, the defendant's motions to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue, and pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b) for failure to state a claim with sufficient particularity are DENIED, and the defendant's motion to transfer this action to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) is DENIED.

**SO ORDERED.**