**Carmen McSTAY, on behalf of herself and all others similarly situated, Plaintiff**

**v.**

**I.C. SYSTEM, INC., Defendant.**

**No. 01 Civ. 1219(RLC).**

United States District Court, S.D. New York.

Oct. 31, 2001.

**44**

Law Offices of James A. Sotomayor, James A. Sotomayor, of counsel, Bronx, NY, for Plaintiff.

Law Offices of Kenneth A. Elan, Kenneth A. Elan, of counsel, New York City, for Defendant.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff Carmen McStay filed this action, on behalf of herself and all others similarly situated, against defendant I.C. System, Inc. ("IC"), a Minnesota corporation specializing in debt collection, alleging that IC committed violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and common law fraud. At issue are three letters that McStay received from IC in reference to a debt allegedly owed by McStay to Jonathan A. Rhodes, D.M.D., for services that he provided to McStay. McStay alleges that the collection letters fail to conform to the provisions of §§ 1692g and 1692e of the FDCPA and suffer from other defects sounding in fraud. (Cplt.¶¶ 31–42.) McStay seeks actual, statutory, and punitive damages, costs, and attorney's fees. IC has filed a motion to dismiss, for judgment on the pleadings, and/or for summary judgment. In response, McStay has filed a cross-motion for partial summary judgment.

### BACKGROUND

McStay complains that the initial collection letter she received from IC, dated February 22, 2000 (the "February letter"), did not comply with the requirements of § 1692g. (Pl.'s Mem. of Law in Supp. of Pl.'s Cross–Motion for Partial Summ. Judg. at 3–5.) Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors ... and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To that end, § 1692g states, in pertinent part, that within five days after the initial communication with a consumer regarding the collection of any debt, a debt collector shall send the consumer a written notice containing, *inter alia,* "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." McStay concedes that the February letter did contain such a notice, known as a "validation notice," on the reverse side of the letter pursuant to the requirements of § 1692g, but argues that this validation notice was overshadowed or contradicted by other language on the front side of the letter. The language McStay highlights as overshadowing or contradictory is contained in the second paragraph of the February letter, which states:

Please be advised that if after 30 days your account is not paid in full or otherwise closed, the account information will be forwarded to the National Credit Reporting Agencies. This may hinder your ability to obtain credit in the future.

McStay argues that this language contradicts or overshadows the validation notice listed on the reverse side of the letter because it does not specify whether the thirty-day period that McStay has to dispute the debt is to be calculated from the date the February letter was written (February 22, 2000) or the date the letter was actually received, some days later. The court does not, however, find McStay's argument persuasive. It is the court's view that the language contained on the front side of the letter does not contradict or overshadow the validation notice provided on the back of the letter.

## DISCUSSION

In deciding a motion for summary judgment, the court is permitted to grant summary judgment only if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Rule 56(c), F.R. Civ. P. The burden is on the moving party to establish that no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *accord, McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997), with the understanding that in making this determination a court will resolve any ambiguities and make all reasonable inferences against the movant. *Flanigan v. Gen. Elec. Co.*, 242 F.3d 78, 83 (2d Cir.2001). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When a court has before it cross-motions for summary judgment, as is the case here, each moving party has the burden of presenting evidence in support of its respective motion. *Barhold v. Rodriguez*, 863 F.2d 233, 236 (2d Cir.1988).

██ In determining whether the FDCPA has been violated, the Second Circuit uses an objective standard, based on how the "least sophisticated consumer" would interpret the debt collector's notice. *See, e.g., Russell v. Equifax, A.R.S.* 74 F.3d 30, 34 (2d Cir.1996) (applying "least sophisticated consumer" standard to § 1692g); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993) (applying "least sophisticated consumer" standard to § 1692e); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir.1993) (same). In view of this standard, the inclusion of a validation notice in a collection letter does not ensure compliance with the FDCPA. The notice must also be clearly conveyed, so as to inform the least sophisticated consumer of his rights. *See Russell*, 74 F.3d at 35 ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer—Congress intended that such notice be clearly conveyed"); *Monokrousos v. Computer Credit, Inc.*, 984 F.Supp. 233, 234 (S.D.N.Y.1997) (Parker, J.) ("simply including the required validation notice in a debt collection letter may not be sufficient to comply with the [FDCPA]"). Therefore, notices that contain a proper validation notice may nonetheless violate the FDCPA if they include "language that 'overshadows or contradicts' other language informing a consumer of her rights." *Russell*, 74 F.3d at 34. In deciding whether a notice is overshadowing or contradictory, the Second Circuit has applied the following test: "A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights." *Id.* at 35; *see also Monokrousos*, 984 F.Supp. at

234 (quoting *Russell*). The court is unpersuaded that the language at issue in the February letter, when read in conjunction with the validation notice located on the back, would leave the least sophisticated consumer uncertain as to his rights.

In *Russell*, the consumer was faced with two statements, one on the back of the letter containing the required validation notice pursuant to § 1692g and one on the front informing the consumer that if she did not dispute the claim and paid it "within the next 10 days," her credit record would not be adversely affected. The Second Circuit ruled that such a warning overshadowed or contradicted the included validation notice precisely because it would leave a consumer of meager sophistication uncertain or confused as to what his rights were in this situation. "When the least sophisticated consumer reads such a communication, she could readily believe—despite the inclusion of the validation notice—that were she to take any course other than payment to [the collection agency] within 10 days, it would permanently affect her credit record." *Russell*, 74 F.3d at 34. However, the February letter, when read in its entirety, would not similarly leave a consumer uncertain as to his rights. By itself, the statement on the front of the letter is admittedly ambiguous because it does not specify the date from which the thirty-day period is to be calculated.[1] When read in conjunction with the validation notice located on the back of the letter and referenced in the front, however, this ambiguity is resolved. No consumer, not even the least sophisticated, in the court's view, would readily construe the notices on the front and back of the February letter together so as to conclude that he had thirty days from the date of the letter as opposed to from receipt in which to dispute the debt. McStay relies, in part, on *Vera v. Trans–Continental Credit and Collection Corp.*, 1999 WL 163162 (S.D.N.Y.1999) (Chin, J.) to argue that the collection agency's failure to include the language "after receipt" in the statement on the front of the February letter violated § 1692g. (Pl.'s Mem. of Law in Supp. of Pl.'s Rep. to Def.'s Opp'n to Pl.'s Cross–Motion for Part. Summ. Judg. at 1.) However, McStay's reliance on *Vera* is misplaced. In *Vera*, the collection letter stated that the consumer had thirty days to dispute the debt but did not specify when the thirty-day period would begin. The difference between the collection letter in *Vera* and the February letter at issue here is that the letter in *Vera* did not contain any additional information such as a proper validation notice informing the consumer that the thirty-day period commenced from receipt of the letter. As such, the court in *Vera* ruled that the resulting ambiguity violated § 1692g because "the least sophisticated consumer could erroneously conclude that the thirty-day period is measured from the date on the notice itself." *Vera*, 1999 WL 163162 at *3. By contrast, after reading the statement on the front of the February letter in combination with the statement on the back, the court is of the opinion that the least sophisticated consumer is not lia-

---

1. While ambiguous, the statement does not, in and of itself, constitute an affirmative misstatement or patent contradiction of the time period to dispute a debt under § 1692g. In fact, strictly speaking, the statement on the front of the letter is not inconsistent with the validation notice on the back; rather, the validation notice on the back simply clarifies the statement on the front. *Compare Cavalla-* *ro v. Law Office of Shapiro & Kreisman*, 933 F.Supp. 1148 (E.D.N.Y.1996) (holding that law firm violated § 1692g, and that such violation was not *de minimis*, when the law firm included validation notice in collection letter that affirmatively misstated the time to dispute the debt by informing consumer that he had thirty days "from the date of this notice" as opposed to "from receipt" to respond).

ble to conclude that the thirty-day period commenced on the date the February letter was written as opposed to received. While the statement on the front of the February letter might have created some uncertainty, the clarification and precision of the validation notice would have effectively laid it to rest.

 McStay also complains that IC violated §§ 1692e, 1692e(2), and 1692e(10) of the FDCPA. (Cplt.¶ 32(B)—(C).) Section 1692e prevents a debt collector from using false or misleading means or representations to collect a debt. In particular, § 1692e(2) prevents a debt collector from falsely representing "the character, amount, or legal status of any debt" or "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." Section 1692e(10), similarly, prevents the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." McStay alleges that IC violated § 1692e(2) when it attempted to charge an annual interest rate of 12% in each of its letters, in excess of the 9% rate mandated by CPLR § 5004. (Pl.'s Mem. of Law in Supp. of Pl.'s Cross–Motion for Partial Summ. Judg. at 5–8.) McStay further alleges that IC violated §§ 1692e and 1692e(10) by mailing deceptive notices that misled consumers. *Id.* at 5. The court finds McStay's arguments to be without merit.

 To successfully state a claim pursuant to § 1692e(2), McStay must show that IC knowingly or intentionally misrepresented the amount of the debt in its collection letters. *See Stonehart v. Rosenthal et. al,* 2001 WL 910771, * 6, 2001 U.S. Dist. LEXIS 11566,*22 (S.D.N.Y.2001) (Scheindlin, J.) ("To state a claim under section 1692e(2) of the FDCPA, [plaintiff] must show that [defendant] knowingly misrepre-

sented the amount of the debt . . .") (citing *Ducrest v. Alco Collections, Inc.,* 931 F.Supp. 459, 462 (M.D.La.1996)). As McStay has not adduced any evidence indicating that IC intentionally misrepresented the applicable interest rate or the amount of the debt, McStay has not met her burden of proof on this element. If anything, the evidence provided by IC indicates that IC justifiably relied on Dr. Rhodes to set the applicable interest rate. (Melton Aff. ¶ 4.) "A debt collector must be able to rely on representations from his client as to the amount of the debt. The FDCPA does not require debt collectors to conduct independent investigations of the information provided by clients when collecting a debt." *Stonehart,* 2001 WL 910771 at * 6, 2001 U.S. Dist. LEXIS at *22.

Nor has McStay succeeded in making out a claim pursuant to § 1692e and, in particular, § 1692e(10). Both sections deal with the use of misleading or deceptive means to collect a debt. The Second Circuit has ruled that "a collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell v. Equifax, A.R.S.* 74 F.3d 30, 35 (2d Cir. 1996). *See also Vera v. Trans–Continental Credit and Collection Corp.,* 1999 WL 163162,*3 (S.D.N.Y.1999) (Chin, J.) (applying *Russell* standard to violations of §§ 1692e and 1692e(10)). Since the court has already decided that the February letter cannot reasonably admit of two different readings, the court must conclude that the February letter does not violate §§ 1692e and 1692e(10).

 Lastly, McStay contends that IC committed common law fraud by sending her the collection letters. The court fails to see how McStay's conclusory allegations satisfy the high threshold set by Rule 9(b), F.R. Civ. P., requiring plaintiffs to plead

fraud with particularity. "Pleadings of fraud must ... specify the time, place, speaker, and sometimes even the content of the alleged misrepresentation." *Sendar Co., Inc. v. Megaware, Inc.*, 705 F.Supp. 159, 161 (S.D.N.Y.1989) (Leisure, J.) (citations omitted). Notably, McStay pleads that the defendant committed common law fraud: "by collecting fees which were known by defendant to be unfair, deceptive, or illegal" (Cplt.¶ 36); "by intentionally claiming and then collecting 'additional client charges' that were known by defendant to be illegal" (Cplt.¶ 37); and "by intentionally claiming and then collecting 'interest at the rate of 12.00% annually' that was know [sic] by defendant to be illegal" (Cplt.¶ 38).

These pleadings, in the court's view, do not fulfill the requirements of Rule 9(b), F.R. Civ. P., because they fail to allege particularized facts as to how IC's statements were false or misleading. McStay attempts to remedy this weakness by arguing that a plaintiff is permitted to aver intent or state of mind generally under Rule 9(b), F.R. Civ. P., especially if the facts pleaded are peculiarly within the opposing party's knowledge. (Pl.'s Mem. of Law in Supp. of Pl.'s Cross–Motion for Partial Summ. Judg. at 9.) While McStay is correct to point out that Rule 9(b), F.R. Civ. P. permits a plaintiff to allege fraudulent intent generally, *see, e.g., PI, Inc. v. Ogle*, 932 F.Supp. 80, 84 (S.D.N.Y.1996) (Koeltl, J.), she fails to satisfy the attendant requirement that such allegations be supplemented with statements of fact upon which the belief or intent is founded. "Allegations of fraud cannot ordinarily be based 'upon information and belief,' except as to 'matters peculiarly within the opposing party's knowledge' ... To satisfy Rule 9(b) in the latter instance, the allegations must be accompanied by a statement of the facts upon which the belief is founded." *Luce v. Edelstein*, 802 F.2d 49, 54 n. 1 (2d

Cir.1986) (citations omitted); *see also PI*, 932 F.Supp. at 84 ("Although Rule 9(b) allows a plaintiff to allege fraudulent intent generally, a plaintiff must allege facts that give rise to a strong inference of fraudulent intent ... This strong inference can be established either '(a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.'" (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994))). Accordingly, since McStay has not alleged facts giving rise to a strong inference of fraudulent intent, her pleading is deficient under the strict standard of Rule 9(b), F.R. Civ. P.

In view of the above determinations, it is not necessary to evaluate IC's contention that the common law fraud claim, alternatively, should be dismissed due to the fact that there remains no independent ground for federal jurisdiction over McStay's state law, common law fraud claim once the federal claims have been dismissed. (Def.'s Mem. of Law in Supp. of Motion to Dismiss at 22.)

For the foregoing reasons, IC's motion for summary judgment pursuant to Rules 9(b), 12(c), and 56, F.R. Civ. P. is granted and McStay's cross-motion for partial summary judgment pursuant to Rule 56, F.R. Civ. P. is denied.

**IT IS SO ORDERED.**