PURVI ENTERPRISES, LLC, Appellant, v CITY OF NEW YORK, Defendants, and 3206 EMMONS AVENUE REALTY, LLC, et al., Respondents. [879 NYS2d 410]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered July 3, 2008, which (1) denied plaintiff's motion for a temporary restraining order and preliminary injunction and granted defendant 3206 Emmons Avenue Realty, LLC's cross motion to dismiss the complaint as against it, and (2) granted Howard Hornstein and Cozen O'Connor, P.C.'s cross motion to dismiss the complaint as against them and sua sponte dismissed the complaint as against defendant City of New York, unanimously modified, on the law, to vacate the dismissal of the complaint as against the City and reinstate the complaint as against that defendant, to grant plaintiff leave to amend the complaint to assert a claim for breach of contract against 3206 Emmons, and to reinstate so much of the sixth cause of action as against 3206 Emmons as seeks attorneys' fees, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered June 4, 2008, unanimously dismissed, without costs, as superseded by the appeal from the second aforesaid order entered July 3, 2008.

The complaint should not have been dismissed as against the City. The City did not move to dismiss and did not appear in connection with any of the cross motions, and thus the parties have not been heard with respect to the claims asserted against the City.

Plaintiff failed to demonstrate a likelihood of success on the merits of any of its claims for injunctive relief (see CPLR 6301; *Aetna Ins. Co. v Capasso*, 75 NY2d 860 [1990]). With respect to its cause of action for mandatory injunctive relief against 3206 Emmons, plaintiff failed to demonstrate that 3206 Emmons is required by the zoning lot development agreement (ZLDA) to execute and deliver an authorization permitting plaintiff to file an application with the City Planning Commission (CPC) on its (plaintiff's) behalf without having the opportunity to review the application first to determine whether it would adversely affect 3206 Emmons' own property interests. To the extent that 3206 Emmons breached the ZLDA by contacting the City about the allegedly invalid certificate of occupancy (C/O) previously issued to plaintiff, thereby instigating proceedings by the Department of Buildings (DOB) to revoke the C/O, that breach is past conduct adequately compensable by damages. An injunction against future breaches of the ZLDA would appear to be unnecessary in view of the fact that DOB has agreed not to continue with the revocation proceedings until the court determines whether 3206 Emmons is required to consent to plaintiff's filing of its application with the CPC. We sua sponte grant plaintiff leave to amend the complaint to allege a cause of action against 3206 Emmons for breach of contract, and, accordingly, reinstate so much of plaintiff's sixth cause of action as against 3206 Emmons as seeks attorneys' fees, as provided for in the ZLDA.

As to the Cozen O'Connor defendants, since they are not parties to the ZLDA, they cannot be enjoined from breaching it. To the extent plaintiff alleges that the Cozen O'Connor defendants either conspired with 3206 Emmons to breach the agreement or aided and abetted a breach thereof by 3206 Emmons, these defendants cannot be enjoined from such conduct because no such cause of action exists (see *Health-Loom Corp. v Soho Plaza Corp.*, 209 AD2d 197, 198 [1994]; *Galesi v Galesi*, 12 Misc 3d 1186[A], 2005 NY Slip Op 52310[U], *5 [2005], *affd in part and appeal dismissed in part* 37 AD3d 249 [2007]). To the extent plaintiff alleges that Cozen O'Connor committed tortious interference with contract and seeks to enjoin further instances of such tortious conduct, Cozen O'Connor's conduct would be immune from liability "under the shield afforded attorneys in advising their clients, even when such advice is erroneous, in

the absence of fraud, collusion, malice or bad faith" (*Beatie v DeLong*, 164 AD2d 104, 109 [1990]; *see also Lloyd I. Isler, P.C. v Sutter*, 160 AD2d 609, 610 [1990]). Plaintiff's attempt to enjoin the Cozen O'Connor defendants from further representing 3206 Emmons in matters in opposition to plaintiff, because of an alleged conflict of interest resulting from their prior representation of entities related to plaintiff, is in effect an attempt to disqualify Cozen O'Connor from representing 3206 Emmons in this action. However, even if plaintiff could prove that it is a former client of Cozen O'Connor (*see A.F.C. Enters., Inc. v New York City School Constr. Auth.*, 33 AD3d 736 [2006]), it could not show that the prior representation was either substantially related or materially adverse to the present representation of 3206 Emmons (*see Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]).

Finally, while the balance of the equities favors plaintiff since plaintiff would likely not be facing the revocation of its C/O if 3206 Emmons had not instigated the DOB's action against it, and enjoining 3206 Emmons from engaging in further interference and restraining the City from revoking the C/O pending resolution of the litigation would merely preserve the status quo, the City's express agreement not to calendar the Board of Standards and Appeals hearing for a period of time to allow the contractual dispute between plaintiff and 3206 Emmons to be resolved undermines plaintiff's claim of irreparable harm from the revocation of its C/O.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.