**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KEVIN PAUL FERREE,

      Plaintiff-Appellant,

v.

TERESA W. MARIANOS,

      Defendant-Appellee,

   and

SHAPIRO & MARIANOS, a
partnership,

      Defendant.

No. 97-6061
(D.C. No. CIV-96-1120-T)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[**] District Judge.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Kevin Paul Ferree appeals the district court's order dismissing his claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692o against defendant Teresa W. Marianos, an attorney representing Temple-Inland Mortgage Company, plaintiff's creditor.[1] We have reviewed de novo the district court's dismissal for failure to state a claim, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff. See Grossman v. Novell, Inc., 120 F.3d 1112, 1118 (10th Cir. 1997). We affirm.

A bankruptcy court entered orders discharging plaintiff's debts and allowing foreclosure of the real property which secured plaintiff's debt to Temple-Inland. See Johnson v. Home State Bank, 501 U.S. 78, 84 (1991)

---

[1] The law firm of Marianos and Shapiro was named as a defendant in the district court action, but was not served. Marianos has filed a motion to dismiss this appeal, arguing that the district court's order lacks finality because it does not dispose of the claims against the law firm. The motion is without merit. The district court's failure to enter an order dismissing an unserved defendant prior to entry of judgment does not foreclose appellate jurisdiction. The unserved defendant was never made a party to the underlying district court action. See Bristol v. Fibreboard Corp., 789 F.2d 846, 847 (10th Cir. 1986).

(bankruptcy discharge extinguishes only in personam claim while leaving in rem claim intact). Marianos then filed a state court action on behalf of Temple-Inland, seeking to foreclose the mortgage on the property.

In this FDCPA action, plaintiff alleges that, in initiating the foreclosure proceedings, Marianos violated three provisions of the Act: (1) she misrepresented the amount and legal status of plaintiff's debt in the prayer of the foreclosure petition (an alleged violation of § 1692e(2)(A));[2] (2) she threatened to obtain an in personam judgment in the prayer of the foreclosure petition (an alleged violation of § 1692e(5));[3] and (3) she obscured the content of the statutorily-required validation notice by providing it as an attachment to the pleadings in the foreclosure action (an alleged violation of § 1692g).[4]

---

[2] Section 1692e(2)(A) prohibits the "false representation" of the "character, amount, or legal status of any debt."

[3] Section 1692e(5) prohibits a "threat to take any action that cannot legally be taken or that is not intended to be taken."

[4] Section 1692g requires that

> when an independent debt collector solicits payment it must provide the consumer with a detailed validation notice. The notice must include the amount of the debt, the name of the creditor, a statement that the debt's validity will be assumed unless disputed by the consumer within 30 days, and an offer to verify the debt and provide the name and address of the original creditor, if the consumer so requests.

Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). The § 1692g notice, "commonly referred to as a 'validation notice,' gives the consumer the

(continued...)

The district court dismissed the claim against Marianos for failure to state a claim upon which relief may be granted.  See Fed. R. Civ. P. 12(b)(6).[5]

The district court clearly set out the law and facts of the case in its order dated January 21, 1997.  For claims under the FDCPA, other circuit courts of appeal have applied an objective standard, "measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector."  Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996).  "[T]he test is how the least sophisticated consumer--one not having the astuteness of a "Philadelphia lawyer" or even the sophistication of the average, everyday, common consumer--understands the notice he or she receives."  Id.  See also Terran v. Kaplan, 109 F.3d 1428, 1431 (9th Cir. 1997) ("[W]hether the initial communication violates the FDCPA depends on whether it is likely to deceive or mislead a hypothetical least sophisticated debtor.") (quotations omitted).  The hypothetical consumer, however, "can be presumed to possess a rudimentary

[4](...continued)
information necessary to challenge the debt allegedly owed before making payment to the independent collection agency."  Id. at 32.

[5]    The district court properly treated the summons, foreclosure petition, and validation notice, which were attached as exhibits to the complaint, as part of the pleadings for purposes of defendants' motion to dismiss.  See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 964-65 (10th Cir. 1994).

amount of information about the world and a willingness to read a collection notice with some care." Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993).

Plaintiff's allegations do not add up to a claim under any of the cited FDCPA provisions. The foreclosure petition specifically described the result of the bankruptcy proceedings. The foreclosure pleadings did not misrepresent the amount or status of plaintiff's debt or, in spite of the discharge in bankruptcy, threaten to obtain an in personam judgment. The district court correctly dismissed the § 1692e claims.

As to the claim under § 1692g, a debt collector may violate the FDCPA by providing a validation notice that "contains language that 'overshadows or contradicts' other language informing a consumer of her rights." Russell, 74 F.3d at 34 (citing Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991)). Here, however, it is plain that the validation notice provided the information required by statute. Moreover, plaintiff concedes that the thirty-day period to dispute the debt, explained in the notice, and the twenty-day period to respond to the summons and petition, set out in the summons, "are not mutually exclusive." Appellant's Opening Br. at 16.[6]

---

[6] We note that plaintiff did not either dispute the debt or respond to the summons. Temple-Inland took a default judgment and foreclosed against plaintiff's property.

The information contained in the notice was not obscured or contradicted simply because it was provided as an attachment to the foreclosure pleadings. Even the least sophisticated consumer receiving two communications in the same envelope, the first concerning a pending mortgage foreclosure action, "would sufficiently examine the entire contents of the envelope, and uncover the enclosed validation notice." Cavallaro v. Law Office of Shapiro & Kreisman, 933 F. Supp. 1148, 1153 (E.D.N.Y. 1996).

We AFFIRM the judgment of the district court, based on the reasoning above and more thoroughly described in the district court's order. Defendant's motion to dismiss is DENIED.

Entered for the Court

John C. Porfilio
Circuit Judge