Carmen McSTAY, on behalf of herself and all others similarly situated, Plaintiff–Appellant,

v.

I.C. SYSTEM, INC., Defendant–Appellee.

Docket No. 01–9392.

United States Court of Appeals, Second Circuit.

Argued Sept. 19, 2002.

Decided Oct. 16, 2002.

Adam J. Fishbein, Cedarhurst, NY, for Plaintiff–Appellant, on submission.

Kenneth A. Elan, Law Offices of Kenneth A. Elan, New York, NY, for Defendant–Appellee.

Before: FEINBERG, CABRANES and MAGILL,* Circuit Judges.

FEINBERG, Circuit Judge.

Plaintiff Carmen McStay appeals from the grant of summary judgment by the United States District Court for the Southern District of New York (Carter, J.) to defendant I.C. System, Inc. in plaintiff's putative class action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA). *McStay v. I.C. System, Inc.,* 174 F.Supp.2d 42 (S.D.N.Y.2001). For the reasons stated below, we affirm.

### Background

Defendant I.C. System, Inc. is a "debt collector" within the meaning of the FDCPA. McStay brought suit alleging that three collection letters she received from I.C. System violated the FDCPA's provisions requiring debt collectors to notify debtors of their right to dispute the alleged debt, 15 U.S.C. § 1692g, and prohibiting collectors from using false or misleading means to collect a debt, 15 U.S.C. § 1692e. McStay also alleged that I.C. System committed common law fraud. On appeal, McStay has pursued only the claim arising under Section 1692g, which involves the first of the three letters noted above.

In that letter, dated February 22, 2000, I.C. System notified McStay that her delinquent account with Dr. Jonathan A. Rhodes had been assigned to it for collec-tion. The first two paragraphs of the letter read:

> Your delinquent account has been turned over to this collection agency and the balance is due.

> Please be advised that if after 30 days your account is not paid in full or otherwise closed, the account information will be forwarded to the National Credit Reporting Agencies. This may hinder your ability to obtain credit in the future.

At the bottom of the front page, but before the signature line, the letter read, "**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**" The reverse side contained, in larger size print than the front of the letter, the following language, known as the "validation notice":

### *IMPORTANT INFORMATION*

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, this office will: obtain verification of the debt (or obtain a copy of a judgment, if there is one) and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

In the district court, McStay conceded that the language of the validation notice on the back of the letter complied with the

---

* The Honorable Frank J. Magill, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

relevant provisions of the FDCPA. However, she argued that I.C. System nonetheless violated Section 1692g because the language on the front of the letter was confusing and overshadowed the statutorily required statement of the debtor's rights. Specifically, McStay argued that despite the debtor's clear right to dispute the debt within thirty days of *receiving* notice, 15 U.S.C. § 1692g(b), the front of the letter did not specify whether the thirty-day period would run from the date printed on the letter (February 22, 2000) or from the date when McStay received it (some days later). She claimed that because a specific date appeared on the front of the letter and because the "thirty days" language was ambiguous, a debtor could easily be confused as to when her rights would begin and end. The district court disagreed, holding,

> No consumer, not even the least sophisticated in the court's view, would readily construe the notices on the front and back of the February letter together so as to conclude that he had thirty days from the date of the letter as opposed to from receipt in which to dispute the debt.

174 F.Supp.2d at 46.

### Discussion

 When a third-party debt collection agency like I.C. System collects on consumer debt, the FDCPA requires it to send the debtor a detailed validation notice within five days of the initial communication. 15 U.S.C. § 1692g(a). We have held that even if the debt collector's notice contains all the information required by statute,[1] it will still violate Section 1692g if the letter also "contains language that 'overshadows or contradicts' other language informing a consumer of her rights." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir.1996). Thereafter, we held in *Savino v. Computer Credit, Inc.*, 164 F.3d 81 (2d Cir.1998), that "[w]hen determining whether Section 1692g has been violated, courts use an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *Id.* at 85 (internal quotation marks omitted). Therefore, a debt collector's notice will violate Section 1692g if it fails to convey the required information "clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." *Id.*; see also *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir.2001) ("Even if a debt collector conveys the required information, the collector nonetheless violates the [FDCPA} if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty."). However, this Court has also made clear that "in crafting a norm that protects the naive and

---

1. At a minimum, the debt collector must clearly communicate to the debtor certain information, including:

 (1) the amount of the debt;

 (2) the name of the creditor to whom the debt is owed;

 (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

 (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

 (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

 15 U.S.C. § 1692g(a).

the credulous the courts have carefully preserved the concept of reasonableness." *Clomon v. Jackson,* 988 F.2d 1314, 1319 (2d Cir.1993).

■ McStay does not dispute that the February 22 letter contained all the information specifically required by Section 1692g. The sole Section 1692g issue McStay argued before the district court was that the ambiguity in the February 22 letter as to when the thirty-day period to dispute the debt would begin to run was sufficiently confusing and/or contradictory to violate the FDCPA.

We agree with the district court—and indeed I.C. System so concedes—that the message on the front of the letter is ambiguous. However, just seven lines below the ambiguous statement is another statement, printed in bold and all capital letters, referring the reader to the reverse side for important information. The reverse side contains only the addresses to which payment can be made and the validation notice, in larger print than the front, clearly stating three times that the thirty-day time period begins "after receiving this notice." Thus, any confusion created by the ambiguity on the front of the letter dissipates when read in conjunction with the language on the back. In short, we agree with the district court that "the least sophisticated consumer is not liable to conclude that the thirty-day period commenced on the date the ... letter was written as opposed to received." 174 F.Supp.2d at 46–47.

■ McStay argues that in order to comply with the FDCPA, I.C. System should have made meaningful disclosure of the debtor's rights on the front side of the February 22 letter. While we have not found any case in this circuit directly holding that a debt collector may print the validation notice on the back of a collection letter, we have apparently presumed that

such a letter should be read in its entirety. Cf. *Russell,* 74 F.3d at 34 (agreeing with defendant that "the back of the notice provided plaintiff with all the information necessary to contest the claim," but finding validation language overshadowed by statements on front of letter); *DeSantis,* 269 F.3d at 160–161 (recognizing validation notice on reverse side of letter, but finding violation of FDCPA on other grounds). In *Savino,* we found a violation of the FDCPA "because the language on the front of the notice, *when read in conjunction with the statutory debt validation on the reverse side,* would 'make the least sophisticated consumer uncertain as to her rights.'" 164 F.3d at 85 (internal citation omitted) (emphasis added). By contrast, when the letter here is read in its entirety, it contains no contradiction and creates no reasonable confusion as to when the thirty-day time period commenced. Thus, we hold that when a prominent instruction in the body of the letter warns that there is important information on the reverse side, a reasonable reader, even if unsophisticated, would turn the paper over and read the back. So long as nothing on the front of the letter overshadows or contradicts the validation notice, the FDCPA does not require the notice to be printed on the front.

McStay raises another argument for the first time on appeal. She argues that I.C. System's threat to report her debt to the National Credit Reporting Agencies after thirty days if the account was "not paid in full or otherwise closed," particularly when coupled with the observation that "[t]his may hinder your ability to obtain credit in the future," overshadows and contradicts the validation notice containing the debtor's rights. While we believe this argument is a significant one, we decline to consider the issue as it was not raised below. *Caiola v. Citibank, N.A.,* 295 F.3d 312, 327 (2d Cir.2002); *First City, Texas*

*Houston, N.A. v. Rafidain Bank,* 281 F.3d 48, 52–53 (2d Cir.2002).

Judgment affirmed.