**Sara Pollak FRANZOS, on behalf of herself and all others similarly situated Plaintiff**

v.

**PINNACLE CREDIT SERVICES LLC, Defendant.**

No. 02 CIV. 9841(SCR).

United States District Court, S.D. New York.

Aug. 27, 2004.

Abraham Kleinman, Katz & Kleinman PLLC, Uniondale, NY, for Plaintiff.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. *BACKGROUND:*

On or about December 11, 2002, Sara Pollak Franzos (the "Plaintiff") initiated this action alleging that Pinnacle Credit Services, LLC (the "Defendant") violated 15 U.S.C. § 1692g and § 1692g(a)(3) of the Fair Debt Collection Practices Act ("FDCPA"). The Plaintiff originally owed a certain debt to Citibank, which debt was purchased by the Defendant. After purchasing the Plaintiff's debt, the Defendant sent a letter to the Plaintiff on or about November 8, 2002 (the "Letter"). The Letter advised the Plaintiff, among other things, that (a) the Defendant had purchased the debt from Citibank, and (b) the Plaintiff owed $13,895.81 to the Defendant.[1] Additionally, the Letter provided that:

---

1. A copy of the Letter is attached to the Plaintiff's Complaint as "Exhibit A" and the Decla-

If, within thirty days of your receipt of this notice, *you notify us in writing that the debt or any portion thereof is disputed,* we will obtain a verification of the debt, or if the debt is founded upon a judgement [sic], a copy of the judgement [sic], and we will mail to you a copy of such verification or judgement [sic].

Letter (emphasis added) (the "Validation Notice").

The Plaintiff's complaint (the "Complaint") alleges that the Defendant's Letter "contradicts, overshadows, confounds and/or dilutes the validation notice required by 15 U.S.C. § 1692g and § 1692g(a)(3)." More particularly, the Plaintiff claims that there is certain "offset language" at the bottom of the Letter, which "overshadowed the statutorily mandated validation notice required under 15 U.S.C. § 1692g and 1692g(a)(3)." (Complaint at ¶ 17). The disputed language (referred to herein as the "Offset Language") provides that:

> You may already have satisfactory proof that this account is listed with us in error. If so, please send this notice back along with a copy of one of the following to support your claim:
>
> ___ Bankruptcy Notice from the court stating case number and filing date
>
> ___ Certificate of Death
>
> ___ Canceled check showing settlement in full
>
> ___ Letter from original lending institution clearing your account

Letter (text is boxed-in, in the Letter).

On or about June 25, 2003, the Defendant made a motion for a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or, alternatively, for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure (the "Defendant's Motion").[2] The Defendant's Motion claims that the Defendant is entitled to judgment as a matter of law because the Letter did not violate the FDCPA. More particularly, the Defendant argues that neither the main text of the Letter, nor the smaller, offset, boxed-in language that the Plaintiff complains of violates the FDCPA. The Plaintiff filed an opposition to the Defendant's Motion (the "Plaintiff's Motion") objecting to judgment on the pleadings. While the Plaintiff concedes that the Defendant included the statutorily required validation language, the Plaintiff submits that the Defendant overshadowed that Validation Notice by including additional language, the Offset Language, which could confuse the 'least sophisticated consumer' (this standard is discussed in detail below). The Defendant filed a reply to the Plaintiff's Motion ("Defendant's Reply").

## II. *STANDARD OF REVIEW:*

 The relevant language of Rule 12(c) of the Federal Rules of Civil Procedure provides that that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard for granting a motion for judgment on the pleadings under Rule 12(c) is identical to that of a Rule 12(b)(6) motion for failure to state a claim. *See e.g. Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 126 (2d Cir.2001). In both situations, the reviewing court must accept as true all factual allegations in the com-

---

ration of Michael O'Malley in support of the Defendant's Motion as "Exhibit B." Additionally, the text of the Letter is included on Page Two of the Defendant's Motion.

**2.** This Court addresses this motion under Rule 12(c) and does not engage in a Rule 56 analysis.

plaint and must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the non-moving party. *Id.* A party is entitled to judgment on the pleadings only if it has established "that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368, at 690 (1969). A complaint may be dismissed properly only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994).

The dispute in this case is whether the text of the Letter violates the FDCPA. Specifically, the question is whether the Letter would confuse the least sophisticated consumer as to his or her rights. For the purposes of this Court's analysis under Rule 12(c), it is important to note that the Second Circuit has found that it is appropriate for district courts to treat judgments about the way in which the least sophisticated consumer would interpret a particular debt collection notice as questions of law. *Schweizer v. Trans Union Corp.,* 136 F.3d 233, 237–38 (2d Cir.1998); *Russell v. Equifax, A.R.S.,* 74 F.3d 30, 33 (2d Cir.1996); *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62–63 (2d Cir. 1993). The least sophisticated consumer standard is an "objective" standard, which makes a decision by this Court under Rule 12(c) appropriate in the case at bar. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 309 (2d Cir.2003).

### III. *ANALYSIS:*

The general purpose of the FDCPA is to create a prohibition against the use of "false, deceptive, or misleading representation or means in connection with the collec-

tion of any debt." *Miller* at 300 (citing 15 U.S.C. § 1692e). 15 U.S.C. § 1692g requires debt collectors to include a "validation notice" either in the initial communication with a consumer in connection with the collection of a debt or within five days of that initial communication, which must inform the consumer that he or she has certain rights, including the rights to make a written request for verification of the debt and to dispute the validity of debt. 15 U.S.C. § 1692g(a). More particularly, 15 U.S.C. § 1692g(a), at a minimum, requires a debt collector to clearly communicate to the debtor certain information, including without limitation:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

The Defendant submits, and the Plaintiff concedes, that the Validation Notice of the Letter contains the requisite validation language, which is mandated by § 1692 of the FDCPA. (Plaintiff's Motion, Page 2;

Defendant's Motion, Page 3–4). Accordingly, the issue before this Court is not the sufficiency of the Validation Notice itself, but whether that language is overshadowed by the Offset Language.

The Second Circuit has consistently held that the proper analysis to be applied by district courts, when deciding whether § 1692g has been violated, is "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector[.]" *Miller* at 309 (quoting *Russell* at 34; *see also Clomon v. Jackson*, 988 F.2d 1314, 1321 (2d Cir.1993)). Further, the Second Circuit has expressly stated that "[w]hen a notice contains language that 'overshadows or contradicts' other language informing a consumer of her rights, it violates the Act." *Russell* at 34 (citing *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir.1991)). The concept of an 'overshadowing or contradictory' notice was further articulated by the Second Circuit in *Savino v. Computer Credit, Inc.*, 164 F.3d 81 (2d Cir. 1998), where the Court held that "[a] debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." *Id.* at 85. In *McStay v. I.C. Sys.*, 308 F.3d 188 (2d Cir.2002), the Second Circuit cautioned that when "crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concept of reasonableness." *Id.* at 190–191 (citing *Clomon* at 1319). In other words, the Second Circuit has held that "[t]he FDCPA does not extend to every bizarre or idiosyncratic interpretation by a debtor of a creditor's notice. However, it does reach the reasonable interpretation of a notice by even the least sophisticated [debtor]." *Schweizer* at 237 (citing *Rosa v. Gaynor*, 784 F.Supp. 1, 3 (D.Conn.1989)).

■ In the case at bar, the text and the physical layout of the Letter are such that even the least sophisticated consumer should not be confused as to its import upon receipt and review of the Letter. With respect to the text of the Letter, the main body of the Letter contains the requisite Validation Notice per the FDCPA and does not impose any restrictions on the recipient's ability to dispute the debt. Specifically, the Letter provides, in relevant part, that all the recipient of the collection notice needs to do to dispute the debt is "notify [the Defendant] in writing that the debt or any portion thereof is disputed[.]" This language, which is located within the main body of the Letter, makes it very clear how the debtor should proceed. All that would have been necessary for the Plaintiff to do to dispute the debt would be to provide a written response, stating that she disputes the debt. Rather than disputing the debt, the Plaintiff filed this lawsuit thirty-three (33) days after receiving the Letter from the Defendant.

Furthermore, the Offset Language does not overshadow or confuse the Validation Notice because it concerns an issue other than the validity of the debt; it sets forth reasons why even a once valid debt may not be properly owed by the debtor. The Offset Language specifies that if a debtor is able to provide a bankruptcy notice, certificate of death, canceled check showing settlement or a letter from the original lender, the debt would not be owed to the Defendant. The plain language of the Letter, with respect to both the Validation Notice and the Offset Language is clear and unequivocal. Even the least sophisticated consumer, reading the Letter in its entirety, would be able to comprehend the meaning and directive of the Letter.

Finally, the physical layout of the Letter is designed in a manner that even the least

sophisticated consumer would not be confused as to his or her rights under the FDCPA. More particularly, the challenged, Offset Language, which forms the basis of the Plaintiff's complaint, is physically separated from the main body of the Letter, which contains the Validation Notice, in two respects: (1) the Offset Language is in a box at the end of the Letter; and (2) the Offset Language is in a smaller font size than the main body of the Letter. Thus, the format of the Letter is such that even the least sophisticated consumer would not be confused.

Although the Letter contains both the statutorily mandated Validation Notice and the Offset Language within the same written communication, even the least sophisticated consumer would be able to read the Letter and understand the message being communicated. The Plaintiff has not cited this Court to any binding precedent or persuasive authority that would suggest a *per se* rule that a debt collection notice cannot contain both validation and offsetting language within the same notice. The language of the Letter is unambiguous and the rights of the recipient are clearly and effectively conveyed in accordance with the Defendant's obligations under the FDCPA. The Plaintiff's conclusory speculation that the least sophisticated consumer might be confused is unavailing. This Court finds that the least sophisticated consumer would, upon receipt and review of the Letter, have been fully aware of his or her rights. Accordingly, this Court finds that the Defendant's Letter did not violate the FDCPA and the Defendant's Motion for judgment on the pleadings pursuant to Rule 12(c) is hereby granted.

## IV. *CONCLUSION:*

For all of the reasons set forth more fully above, the Defendant's Motion for judgment on the pleadings pursuant to

Rule 12(c) of the Federal Rules of Civil Procedure is granted and the Plaintiff's complaint is dismissed with prejudice.

It is so ordered.