**Philip FORMAN and Benjamin Chafetz, on behalf of themselves and all others similarly situated, Plaintiffs,**

**v.**

**ACADEMY COLLECTION SERVICE, INC., Defendant.**

**No. 03 Civ. 1124(LAP).**

United States District Court, S.D. New York.

March 30, 2005.

Lawrence Katz, Katz & Kleinman, PLLC, Uniondale, NY, for Plaintiffs.

Arthur Sanders, SPing Valley, NY, for Defendant.

## MEMORANDUM AND ORDER

PRESKA, District Judge.

On or about February 20, 2003, Philip Forman ("Forman") and Benjamin R. Chafetz ("Chafetz") (together, "Plaintiffs") filed a complaint on behalf of themselves and all others similarly situated, alleging two causes of action (the "Complaint" or "Compl."). First, Plaintiffs claim that Academy Collection Service, Inc. ("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692c(b), 1692e, 1692e(10), 1692e(11),[1] 1692j (1977), when it "harassed and mislead consumers by sending an initial collection letter which was designed to impress upon consumers that settlement of the account was necessary to avoid further steps toward litigation." Compl. ¶¶ 10, 24. Second, Plaintiffs claim that Defendant violated § 1692e(11) of the FDCPA when it failed to give the required notice to a subclass of consumers. Compl. ¶¶ 10, 27.

On June 3, 2004, Defendant moved for summary judgment on the first cause of action pursuant to Federal Rule of Civil Procedure 56, and for dismissal on the pleadings of the second cause of action pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, both motions are granted.

## BACKGROUND

Plaintiffs' Complaint is based on the content of two nearly identical letters Plain-

---

1. 15 U.S.C. § 1692e(11) appears to have been repeated in both the first and second causes of action. However, I need not address it in connection with the first cause of action, as the entire analysis of the second cause of action turns on § 1692e(11). In addition, neither of the parties mentions it in connection with the first cause of action in their respective moving papers.

tiffs received from Defendant in 2002. On August 14, 2002, Plaintiff Forman received a collection letter from Defendant demanding payment of a debt of $18,472.52 allegedly owed to Citibank. Compl. ¶ 16. On September 23, 2002, Plaintiff Chafetz received a similar letter from Defendant demanding payment of a debt in the amount of $8063.54 allegedly owed to Citibank. Compl. ¶ 17. Both letters stated that the accounts had been transferred to Defendant for "pre-legal collection." Compl. ¶ 18. Both letters further stated that "special counsel, Marvel & Maloney, Esq.," reviewed the appropriateness of the referral. Compl. ¶ 18. The last two lines of Plaintiff Chafetz's letter read, "A returned check charge of $6.00 may be added to your attempt to collect a debt. Any information obtained will be used for that purpose." Compl., Exhibit B.

### DISCUSSION

### I. *Applicable Law*

#### A. *The Standard for Summary Judgment*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be rendered forthwith if the pleadings, depositions, answers, interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *see Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Industr. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)). If the moving party meets its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348, and the non-moving party may not "rest upon ... mere allegations or denials." *St. Pierre v. Dyer*, 208 F.3d 394, 404 (2d Cir.2000). Only when it is apparent than no rational finder of fact "could find in favor of the non-moving party because the evidence to support its case is so slight" should summary judgment be granted. *Gallo v. Prudential Residential Servs., Ltd.*, 22 F.3d 1219, 1223 (2d Cir.1994).

#### B. *The Standard Under Rule 12(c)*

Rule 12(c) of the Federal Rules of Civil Procedure permits a defendant to move for judgement on the pleadings after the pleadings are closed, "permitting the summary disposition of cases that do not involve any substantive dispute that justifies trial." *Fortunet v. Chater*, No. 94 Civ. 8274(LAP), 1996 WL 209980, at *1 (S.D.N.Y. April 30, 1996) (citing 5A Alan Wright & Arthur Miller, Federal Practice and Procedure § 1369). I apply the same standard as that used in a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994), *cert. denied*, 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). Thus, I accept all allegations in the complaint as

true and draw all reasonable inferences in favor of the non-moving party. *Id.* I will dismiss the claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *Id.; see Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

For purposes of a motion for judgment on the pleadings, any document attached as an exhibit to a pleading or incorporated therein by reference becomes a part thereof for all purposes. Fed.R.Civ.P. 10(c); *see Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991).

### C. *The Fair Debt Collection Practices Act*

■ The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It was designed to protect consumers from unscrupulous collectors whether or not there is a valid debt. *Baker v. G.C. Services Corp.,* 677 F.2d 775, 777 (9th Cir.1982); *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992). The FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a debt, and it requires that collectors make certain disclosures. 15 U.S.C. §§ 1692d, 1692e, 1692f. Sections 1692c(b), 1692j, and 1692e are the specific sections of the FDCPA at issue in the current dispute.

15 U.S.C. § 1692c(b) prohibits a debt collector from communicating with a third party. Without the direct consent of the consumer or the permission of a court, any communication with a third party is strictly forbidden unless the third party is the "consumer, his attorney, a consumer reporting agency, if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b). A plain reading of this section indicates that the only third parties with whom a debt collector may consult are its attorney or the attorney of the creditor unless given specific permission otherwise by a court or the consumer.

15 U.S.C. § 1692j was drafted to deal with the issue of flat rating. *Rumpler v. Phillips & Cohen Assocs., Ltd.,* 219 F. Supp 2d 251, 260 (E.D.N.Y.2002); *Sokolski v. Trans Union Corp., Bank One,* 53 F.Supp.2d 307, 312 (E.D.N.Y.1999); *Franceschi v. Mautner–Glick Corp.,* 22 F.Supp.2d 250, 256 (S.D.N.Y.1998). There are two forms of flat rating. The first is when a creditor designs a collection letter for its own use and falsely implies debt collector involvement. *See Sokolski,* 53 F.Supp.2d at 312. The second is when a third party, such as a collection agency, sells a creditor use of its letterhead or a "dunning letter" bearing the name of a collection agency, demanding that the debtor pay the creditor at once. *Orenbuch v. North Shore Health Sys., Inc.* 250 F.Supp.2d 145, 150 (E.D.N.Y.2003). Flat rating gives an "inherently deceptive" impression that there is a third party engaged in the collection of the debt when, in fact, that party has no involvement at all. *See Sokolski,* 53 F.Supp.2d at 312 (citing *In re Scrimpsher,* 17 B.R. 999, 1011 (Bkrtcy.N.D.N.Y.1982)). The use of a third party's letterhead or name in the letter gives the letter added intimidation value because such use suggests that a collection agency or some other third party is "on the debtor's back." *Nielsen v. Dickerson,* 307 F.3d 623, 633 (7th Cir.2002) (citations omitted). In order to violate 15 U.S.C. § 1692j, a defendant must design a letter knowing that such letter will be used to create a false belief in the consumer that a person other than the creditor of

such consumer is participating in the collection of a debt. 15 U.S.C. § 1692j(a).

■ Finally, 15 U.S.C. § 1692e provides a broad prohibition on false or misleading statements. The statute reads, in part, "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section." 15 U.S.C. § 1692e. The section lists a variety of misleading tactics, but notes that the list is not exhaustive. 15 U.S.C. § 1692e. In determining whether or not § 1692e has been violated, I must apply the "least sophisticated consumer standard." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); *see also Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir.1997), *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir.1991), *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1028 (6th Cir.1992). The purpose of this standard is to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon*, 988 F.2d at 1318. In applying this standard, I must determine whether a collection letter "can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d. Cir.1996) (citing *Clomon*, 988 F.2d at 1319).

## II. *Application*

### A. *The Rule 56 Motion for Summary Judgment*

Applying the principles set forth above, it is clear that there is no genuine issue of material fact with respect to the first cause of action in the Complaint. Defendant's

letters to Plaintiffs Forman and Chafetz were permissible and did not constitute a violation of 15 U.S.C. §§ 1692c(b), 1692e, or 1692j.

### 1. *Section 1692c(b)*

■ Section 1692c(b) prohibits the collector from communicating with third parties regarding a debtor's debt. Although Plaintiffs do not set forth Defendant's specific actions that amounted to a breach its obligations under § 1692c(b), common sense dictates that the third party Plaintiffs are concerned about is Marvel & Maloney, Esq., referred to as "special counsel" to Defendant in both letters. Compl., Exs. A, B. However, it is not a violation of 1692c(b) for a debt collector to communicate information about a consumer to the attorney of the creditor, or the attorney of the collector. 15 U.S.C. § 1692c(b), *see also Shrestha v. Nadel*, No. Civ. A3:99CV00554 (AWT), 2001 WL 286852, at *4 (D.Conn. March 21, 2001). Here, Defendant has produced account records indicating that letters, notices of lawsuits, and emails were sent to Marvel & Maloney regarding various collection accounts. Interrog. Resp., Ex. A.[2] Additionally, Defendant's general counsel confirmed that Marvel & Maloney represent the Defendant. Gordon Aff. ¶ 6.[3] It is clear that Marvel & Maloney serves as counsel for Defendant, and therefore, under a plain reading of the statute, Defendant is permitted to send communications to Marvel & Maloney regarding Plaintiffs debts.

### 2. *Section 1692e(10)*

■ Plaintiffs claim that Defendant made four misstatements in violation of

---

**2.** "Interrog. Resp." refers to Defendant's responses to Plaintiffs' first set of Interrogatories, submitted on December 5, 2003.

**3.** "Gordon Aff." refers to the Affidavit of Marjorie Gordon dated May 25, 2004.

§ 1692e(10) is also unfounded.[4] First, Plaintiffs allege that Defendant falsely represented that Marvel & Maloney reviewed Plaintiffs' files. Compl. ¶ 19. However, as discussed above, Defendant has produced records indicating that accounts were indeed reviewed by Marvel & Maloney. Interrog. Resp., Ex. A. Defendant also produced emails between itself and Marvel & Maloney, indicating that 151 accounts had been reviewed and were deemed appropriate for action. Interrog. Resp., Ex. A. Finally, Defendant stated:

> Elliott Marvel or Michael Maloney reviewed Plaintiffs' and other pre-legal accounts to determine if there were any apparent impediments to legal action that would militate against statements in ACS' letter to such debtors relating to their accounts' pre-legal status. For example, relevant information was checked for the presence of attorney representation. Marvel & Maloney also checked for redundancies in the data, (i.e. information was repetitive of information sent earlier) and for any glaring omissions or inaccuracies in the data.

Interrog. Resp. at 2. Even the least sophisticated consumer should have interpreted Defendant's statements to mean that the accounts had been reviewed. In addition, because Defendant's statement that "the accounts had been reviewed by special counsel Marvel & Maloney" was accurate, it could have no other possible interpretation, and therefore did not violate § 1692e.

Second, Plaintiffs allege that Defendant's letter falsely implies that Marvel & Maloney represents Citibank. However, the collection letter merely states, "This is to advise you that Citibank (South Dakota) NA (P) has transferred your delinquent account to our office for pre-legal collec-

tion. They may be willing to settle this account for less than the current balance. We have reviewed the appropriateness of the referral with our special counsel, Marvel & Maloney, Esqs." Compl., Exs. A, B. Marvel & Maloney is not mentioned at any other point in the letter, let alone in connection with Citibank. Therefore, even the least sophisticated consumer could not conclude that Marvel & Maloney was serving as counsel for Citibank.

Third, Plaintiffs assert that Defendant falsely represented that Marvel & Maloney is admitted to practice in New York. However, neither letter makes any mention of New York or indicates the states in which Marvel & Maloney are licensed to practice. Compl., Exs. A, B. There is no way that a consumer, even an unsophisticated one, could conclude that Defendant's letter represented that Marvel & Maloney is licensed to practice in New York.

Finally, Plaintiffs take issue with the use of the term "pre-legal" in reference to their accounts. Plaintiffs contend that the term indicated that efforts had been made by the Defendant to ready the account for litigation. Compl. ¶ 20. Strangely, Plaintiffs acknowledge that Marvel & Maloney looked at the accounts, yet Plaintiffs also claim that Marvel & Maloney did not spend enough time looking at the accounts. Pl. Mem. at 12.[5] Additionally, Plaintiffs argue that the only purpose of including Marvel & Maloney in the letter was to frighten them. Pl. Mem. at 12. However, as previously discussed, Marvel & Maloney served as counsel for the Defendant and assisted the Defendant in evaluating consumer accounts before collection letters were distributed. Defendant also makes clear that Citibank, not the Defendant,

---

4. Plaintiffs make no reference to any other part of 15 U.S.C. § 1692e. As a result, I will analyze the claims in light of 1692e(10).

5. "Pl. Mem." refers to Plaintiffs Memorandum of Law in Opposition.

labels the accounts as "pre-legal." Interrog. Resp. at 2. In fact, the letters sent to Plaintiffs explicitly state that the Defendant will return the file to the creditor in the event that the consumer does not pay, stating: "if you do not dispute this debt, pay the balance, or make satisfactory arrangement, we will return this account to the *creditor* who may forward your account to an attorney in your area with the authority to file suit against you." Compl., Exs. A, B (emphasis added). The letters make it clear that the decision to sue lies with Citibank, not the Defendant. Consequently, even the least sophisticated consumer could not be misled by this letter.

### 3. *Section 1692j*

 Plaintiffs do not have a claim under 15 U.S.C. § 1692j. There is no indication in the Complaint or any documents filed by the parties that Defendant sold a set of letters to Citibank or that Defendant sold the use of its letterhead to Citibank. Moreover, Plaintiffs have cited no evidence which would indicate that Defendant designed these letters knowing that they would be used to deceive Plaintiffs into thinking that a third party was involved in the collection of Plaintiffs' debts. Instead, the language of the letters makes clear that the Defendant is acting on behalf of Citibank; the letter plainly states that if the debt is not paid, the account will be referred back to Citibank. Compl., Ex. A, B. Without evidence from which a factfinder could find that Defendant has violated 15 U.S.C. § 1692j, Plaintiffs cannot prevail on this cause of action. Accordingly, Defendant's motion for summary judgment on the first cause of action is granted.

### B. *The 12(c) Motion for Judgment on the Pleadings*

 Based on the facts in the record and a plain reading of the relevant statute, Plaintiff Chafetz, who asserts the second cause of action, can prove no set of facts in support of his § 1692e(11) claim that would entitle him to relief. The FDCPA requires that a collector include language indicating to the consumer that a debt is being collected and that any information obtained will be used to that end. 15 U.S.C. § 1692e(11). Plaintiff Chafetz's letter stated: "A returned check charge of $6.00 may be added to your attempt to collect a debt. Any information obtained will be used for that purpose." Compl. Ex. B. For the purpose of comparison, the letter to Plaintiff Forman stated: "A returned check charge of $6.00 may be added to your account if any check is returned as unpaid. This is an attempt to collect a debt. Any information obtained will be used for that purpose." Compl., Ex. A. The difference between the two letters is clearly an inadvertent printing error, especially when one considers that the language in Chafetz's letter does not otherwise make sense.

While Chafetz's letter does not track the language of the statute verbatim, it is not required to as long as the warning comes across. See *Gaetano v. Payco*, 774 F.Supp. 1404, 1409 (D.Conn.1990) (holding that while § 1692e(11) is designed to provide consumers with notice, the exact language of the statute does not have to be used as long as the basic message is conveyed).

In addition, when reading the letter in its entirety, the least sophisticated consumer would understand the warning message. A similar circumstance occurred in *McStay v. I.C. System*, where the Court held that although the wording contained in the first portion of the dunning notice did not track the statute verbatim, there was no ambiguity when reading the letter in its entirety. 308 F.3d 188 (2d Cir.2002). Here, when reading Exhibit B in its en-

tirety, it is clear that the Defendant is a collection agency attempting to collect a debt and that any information obtained will be used for those purposes. Therefore, Defendant's printing error was not in violation of 1692e(11).[6] Accordingly, Defendant's motion for judgment on the pleadings with respect to the second cause of action in the Complaint is granted.

## CONCLUSION

For the foregoing reasons, Defendant's motions for summary judgment and for judgment on the pleadings [Docket No. 12] are granted. The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED

---

**6.** In addition, I note that Defendants could seek dismissal pursuant to the bona fide error defense contained in 15 U.S.C. 1692k(c), but they have not done so.