Nayra OSBORNE, Plaintiff,

v.

RJM ACQUISITIONS FUNDING, LLC, Defendant.

Case No. CIV–10–653–C.

United States District Court, W.D. Oklahoma.

Dec. 1, 2010.

Alexander D. Weisberg, Weisberg & Meyers LLC, Cooper City, FL, for Plaintiff.

Eric L. Johnson, Jason M. Kreth, Phillips Murrah PC, Oklahoma City, OK, for Defendant.

## MEMORANDUM OPINION AND ORDER

ROBIN J. CAUTHRON, District Judge.

Plaintiff filed the present action asserting that Defendant, a collections agency, violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, when Plaintiff received a dun letter, or debt notice letter, that Plaintiff asserts "obscured, obfuscated, and overshadowed" statutory disclosures within the form itself. (Pl.'s Compl., Dkt. No. 1, ¶ 13.) The notice in question contained, in bold type and set off within a large arrow on the front page, the text: "See Back of Letter for a Statement Listing the Items You Purchased." (*Id.* Exh. 1.) Further, a message at the bottom of the page, in bold type and in a larger typeface than all other text, read: "See back of letter for a statement listing the items you purchased and other important information." (*Id.*) The bottom third of the back page outlined certain statutorily required language informing the consumer of her right to dispute the debt within thirty days of the letter's receipt.

As relief for statutory violations and Defendant's "highly offensive" conduct that caused "injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress," (Pl.'s Compl., Dkt. No. 1, ¶ 14), the Plaintiff seeks statutory damages, actual damages, and reasonable attorneys' fees.

### STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v.*

*Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions—"a formulaic recitation of the elements of a cause of action will not do...." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. *Pace v. Swerdlow,* 519 F.3d 1067, 1072 (10th Cir.2008); *Alvarado v. KOB–TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir.2007). A court is not bound to accept as true a plaintiff's legal assertions. *Iqbal,* —— U.S. at —— - ——, 129 S.Ct. at 1949–50. While Rule 8 may not require a detailed factual allegation to sufficiently plead a claim, the plaintiff must plead more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss.

### DISCUSSION

Defendant argues that Plaintiff's Complaint alleges only "labels and conclusions, and a formulaic recitation of the elements of a cause of action" and must be dismissed. (Def.'s Br., Dkt. No. 13, at 3.) While the Court finds Plaintiff's Complaint was sufficiently pled under Rule 8 standards,[1] to survive a motion to dismiss,

Plaintiff's Complaint must "contain sufficient factual matter, [which] accepted as true, ... 'state[s] a claim to relief that is plausible on its face.' " *Iqbal,* —— U.S. at —— - ——, 129 S.Ct. at 1949–50 (*quoting Twombly,* 550 U.S. at 570, 127 S.Ct. 1955.).

Defendant cites an unpublished Tenth Circuit case, *Ferree v. Marianos,* 1997 WL 687693, No. 97–6061 (10th Cir. Nov. 3, 1997) (unpublished), as support for dismissal of Plaintiff's claim. In *Ferree,* the Tenth Circuit found that even the least sophisticated consumer who received communication on two pieces of paper in the same envelope " 'would sufficiently examine the entire contents of the envelope, and uncover the enclosed validation notice' " so that the communication would satisfy the statutory requirements. *Id.* at *2 (*quoting Cavallaro v. Law Office of Shapiro & Kreisman,* 933 F.Supp. 1148, 1153 (E.D.N.Y.1996)). Further, the court found that the hypothetical consumer who received a dun letter could " 'be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.' " *Id.* (*quoting Clomon v. Jackson,* 988 F.2d 1314, 1319 (2d Cir.1993)).

While *Ferree* dealt with the sufficiency of statutorily prescribed language on another sheet of paper (included with the dun letter in the same envelope), other courts have held that stating the validation notice on the back of the initial validation letter does not violate 15 U.S.C. § 1692g.[2]

---

1. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement exists in the Complaint here. While Defendants assert that the Complaint offers only conclusions and recitations of causes of action, "[u]nder the federal rules it is very difficult for counsel to draft a pleading so badly as to lose the rights of his clients." Wright & Miller, 5 *Federal Practice and Procedure* § 1202 (3d ed. 2004).

2. 15 U.S.C. § 1692g lays out certain information requirements that a creditor must communicate to a debtor when informing the debtor of her debt balance. That communication, per the statute, must contain:

    (1) the amount of the debt;
    (2) the name of the creditor to whom the debt is owed;
    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

The Seventh Circuit recently stated that even unsophisticated consumers would turn a letter over and read a validation notice on the back, where a bold notice on the front of a letter directed the debtor to view the back of the letter. *Sims v. GC Servs. L.P.*, 445 F.3d 959, 965 (7th Cir. 2006). The Second Circuit similarly held that any confusion caused by language on the front of a letter regarding a beginning date for the validation period was dissipated by the validation notice on the back, which was referenced on the front of the letter in bold and capital letters. *McStay v. I.C. System, Inc.*, 308 F.3d 188, 192 (2d Cir.2002).

Taking the language stated in *Ferree* as compelling, and finding sister Circuit Court opinions as persuasive, this Court finds that the bold-face and conspicuous notice directing Plaintiff to view the validation language on the back of the same letter meets the requirements of 15 U.S.C. § 1692g and satisfies the least-sophisticated-consumer standard. The Court finds no reason to distinguish between notice directing the reader to another piece of paper and notice directing the reading to the other side of the paper.

The collection letter satisfies the statutory requirements as the amount of the debt and to whom it was owed were clearly stated on the front of the letter, and notification statements regarding the time frame in which to dispute the debt were clearly stated on the back of the letter. (Pl.'s Compl. Exh. 1.) Additionally, the front of the letter unmistakably directed the Plaintiff to read those disclosures on

the back. (*Id.*) Therefore, the letter at issue did not obscure, obfuscate, or overshadow the disclosures required by § 1692g. As the letter complies with the requirements of § 1692(g), this Court finds Plaintiff's claimed violation of the FDCPA, even when all pleaded facts are accepted as true, does not sufficiently state a claim for relief that is plausible on its face. Accordingly, Defendant's Motion to Dismiss is GRANTED. As no amendment could revive Plaintiff's claim, the dismissal is with prejudice and a judgment will therefore enter.

portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be

mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Id.* § 1692g(a)(1)-(5).